Toomey, J.
BACKGROUND
In a pending matter (WSC No. 95-1397), which has been stayed while the instant coverage action is litigated, plaintiff Allen Bertulli (herein after “Allen”) brought suit in negligence against defendant Robert Capuzziello, Jr. (hereinafter “Robert, Jr.”) alleging that Allen suffered bodily injury caused by Robert, Jr.’s positioning of a wire, over which Allen tripped, in the yard of the 30 Main Street premises in which Robert, Jr. resided. The insurer, to whom Robert, Jr. turned for defense and indemnity, declined coverage on the grounds that the policy did not reach Robert, Jr. who was neither a named insured nor a relative resident in the named insured's (his parents’) household.
Disputing the insurer's refusal of coverage, Allen and Robert, Jr. commenced the suit at bar. They seek a declaration to the effect that defendant Fitchburg Mutual Insurance Company (hereinafter, “insurer”) is obligated, under the policy issued by it to Robert Capuzziello, Sr. and Lillian Capuzziello (hereinafter, “parents”), to defend and indemnify Robert, Jr. The declaratory judgment complaint was tried on November 1, 2001, and the parties were granted leave to November 16,2001, to file closing memoranda. For the reasons stated infra, judgment shall enter for plaintiffs.
FINDINGS OF FACT
Upon consideration of the evidence adduced at trial, this Court finds as fact that, at all times pertinent to this cause,
1. The parents owned the premises located at 30 Main Street, Milford, Massachusetts.
2. The parents did not reside at the premises located at 30 Mam Street, Milford, Massachusetts.
3. Robert, Jr. (the son of the parents) resided, as a tenant, at the premises located at 30 Main Street, Milford, Massachusetts.
4. The parents owned and resided at the premises located to 436 East Main Street, Milford, Massachusetts.
5. Robert, Jr. was not a resident of the premises located at 436 Mam Street, Milford, Massachusetts.
6. Lillian Capuzziello negotiated with the agent for the insurer in order to obtain insurance for 30 Mam Street, Milford, Massachusetts. She intended to obtain coverage for those living in the house at 30 Mam Street. She never, however, expressly requested of the agent that persons other than those named in the policy be covered nor was she ever expressly advised that Robert, Jr. was covered by the 30 Mam Street policy. She did, however, assume that, insofar as Robert, Jr. was a resident of 30 Mam Street, he was covered by the policy.
7. On or about June 1,1994, the insurer had issued a policy of insurance (#3F1008934) with particulars as follows:
(a) Named Insureds — Robert J. and Lillian Capuzziello, 436 East Mam Street, Milford, MA 01757
(b) Described Location — 30 Main Street, Milford, MA 01757
(c) Policy Period — 6/1/94 to 6/1 /95
(d) Pertinent Endorsements
- DL 24 01 0788 (Personal Liability)
- DL 24 11 0788 (Premises Liability)
8. Robert, Jr. was not a named insured under the policy covering the 30 Mam Street property.
9. On June 14, 1994, Allen tripped on a cable alleged to have been negligently attached by Robert, Jr. to a basketball upright on the premises located at 30 Mam Street, Milford, Massachusetts.
10. On June 30, 1995, Allen filed suit, in tort, against Robert, Sr.; the complaint was amended on January 30, 1997, to add Robert. Jr. as a party defendant. (WSC No. 1995-01397.)
11. By letter dated June 16, 1997, the insurer informed Allen’s counsel that it would neither defend nor indemnify Robert Jr. in the tort suit because, “The dwelling policy [covering 30 Mam Street] covers the named insureds [the parents] and residents of the insureds’ household. Mr. Capuzziello Jr. was not a resident of his parents’ household on June 24, 1994.” (Emphasis in the original.)
DISCUSSION
The fulcrum question presented by this lawsuit is whether the insurer is compelled, by its contract of insurance with the parents, to defend and indemnify Robert, Jr., in the underlying tort action brought against him by Allen. The answer to that question will be found in the language of the contract.
*162 We begin with the observation that the base contract affords protection against “dwelling fire” for the premises located at 30 Main Street in Milford. By way, however, of “personal liability” endorsement DL 24 01 07 88, the insurer promised, in Coverage L, to indemnity and defend a suit against an “insured” [defined at p. 1 of the endorsement as the “named insured and residents of the named insured's household”] for damages “because of bodily injury. .. caused by an occurrence” [defined, at p. 1 of the endorsement, as “an accident”]. The “dwelling fire” protection of the base policy was thus enlarged to provide protection against “personal liability” also. Because, however, Robert, Jr. is not an “insured” — that is, he is neither a “named insured” or a resident of a named insured’s “household” — it would seem, at first glance, that Robert, Jr. cannot prevail upon his claim of coverage under Coverage L of DL 24 01 07 88.[1]
Notwithstanding that Robert, Jr. is neither a named insured nor a member of the household and might, therefore, appear to be unprotected by Coverage L, the provision of another endorsement may be invoked to activate Coverage L in favor of Robert, Jr. That endorsement, entitled “Premises Liability (Non-Owner Occupied, Dwelling)” provides that “personal liability . . . ’appl[ies] . . . with respect to ’’bodily injury" . . . arising out of the . . . use of the premises ... [at locations] shown elsewhere in this policy. . .’ “ See DL 24 11 07 88. The effect of that endorsement, and its mandate that ’’Exclusion 1(b)(2) [of Coverage L — Personal Liability] does not apply to [the 30 Main Street property]," is to afford the protection of the policy to one who is threatened with “personal liability” for “bodily injury . . . arising out of the . . . use of the premises” located at 30 Main Street. Robert, Jr. is such a one.[2]
CONCLUSION
A declaration shall enter in accordance with Request For Relief Number 1 contained in Plaintiffs’ Complaint. So ORDERED.

 There is a further suggestion by defendant that the insurer’s obligation to defend and indemnify is relieved by operation of Exclusion lb(2) which bars application of Coverage L — Personal Liability under DL 24 01 07 88. That suggestion is not persuasive because the exemption to the exclusion found in l(b)2 renders the exclusion inapplicable to circumstances such as those that obtain at bar. Hence, if the insurer is to avoid defending and indemnifying, it cannot rely on the Exclusion 1(b) to Coverage L in DL 24 01 07 88, it must instead rely upon the analysis recited supra in text.

Even if there is some lack of clarity in Endorsement DL 24 11 07 88 as to the persons or premises to be covered, that uncertainty will be resolved against the insurer. LLJUA v. Harrington, 419 Mass. 316, 322 (1995),